UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Appeal No.    05-40125-NG

---

IN RE ACCESS CARDIOSYSTEMS, INC.

Bankruptcy No. 05-40809-HJB

Chapter 11

IN RE ACCESS CARDIOSYSTEMS, INC., JAMES A. RADLEY, JOHN J. MORIARTY,
RICHARD F. CONNOLLY, JR. AND JOSEPH ZIMMEL
(Appellees)

V.

RANDALL FINCKE, represented by
HOLLAND & KNIGHT LLP
(Appellant)

Adversary Proceeding No. 05-4076-HJB

---

On Appeal from an Order of the United States Bankruptcy Court
District of Massachusetts, Western Division

---

BRIEF OF APPELLANT,
HOLLAND & KNIGHT LLP

Ieuan G. Mahony
David G. Sobol
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617)523-2700

Dated: August 24, 2005

## Table Of Contents

Table Of Authorities ................................................................................................................... iii
Statement Of Jurisdiction............................................................................................................1
Statement Of The Issues .............................................................................................................1
Applicable Standard Of Appellate Review..................................................................................1
Statement Of The Case ...............................................................................................................2
Statement Of Facts .....................................................................................................................4
Argument ...................................................................................................................................7
I.   The Order Is Immediately Appealable.............................................................................7
II.  The Bankruptcy Court Erred in Denying the Motion to Withdraw ....................................8
III. The Motion To Withdraw Was Timely ............................................................................9
Conclusion ...............................................................................................................................10

# Table Of Authorities

## Federal Cases

*Brandt v. Repco Printers & Lithographics (In re Healthco Int'l)*,
 132 F.3d 104 (1st Cir. 1997) ............................................................................1

*Charlesbank Equity Fund II v. Blinds To Go, Inc.*,
 370 F.3d 151 (1st Cir. 2004) ............................................................................7

*Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*,
 310 F.3d 537 (7th Cir. 2002) ............................................................................8

*Gill v. Gulfstream Park Racing Assoc.*,
 399 F.3d 391 (1st Cir. 2005) ............................................................................7

*Intrex, Inc. v. Comm'r*,
 321 F.3d 55 (1st Cir. 2003) ..............................................................................1

*In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation*,
 982 F.2d 603 (1st Cir. 1992) ............................................................................7

*Lieberman v. Polytop Corp.*, 2 Fed.Appx. 37, 39-40 (1st Cir. 2001) ...............................8

*RCI Northeast Serv. Div. v. Boston Edison Co.*,
 822 F.2d 199 (1st Cir. 1987) ............................................................................2

*Rivera-Domenech v. Calvesbert Law Offices, PSC*,
 402 F.3d 246 (1st Cir. 2005) .....................................................................7, 8, 9

*United States v. Kouri-Perez*,
 187 F.3d 1 (1st Cir. 1999) ................................................................................8

*United States v. Quintana-Aguayo*,
 235 F.3d 682 (1st Cir. 2000) ............................................................................7

*United States v. U.S. Gypsum Co.*,
 333 U.S. 364 (1948) ........................................................................................2

*Watson v. Boyajian (In re Watson)*,
 309 B.R. 652 (1st Cir. BAP 2004) ...................................................................7

## Docketed Cases

*Access Cardiosystems, Inc. et al. v. Randall Fincke*,
 Mass. Sup. Ct. No. 04-2976-BLS2 (July 6, 2004) ..........................................2

## Federal Statutes

28 U.S.C. § 158(a)(3).................................................................................................................1

## Additional Authorities

Chapter 11 ............................................................................................................................1, 3

Fed. R. Bankr. P. 8013 ............................................................................................................1

Local Bankruptcy Rule 2091-1(a) ......................................................................................5, 9

## Statement Of Jurisdiction

This is an appeal from an order of the United States Bankruptcy Court for the District of Massachusetts, Western Division (Boroff, J.) (the "Bankruptcy Court"), entered on July 20, 2005, denying the Motion of Holland & Knight LLP ("Counsel" or "Holland & Knight") to Withdraw as Counsel for Randall Fincke. This Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a)(3). The appellant, Holland & Knight, timely appealed the Bankruptcy Court Order on August 1, 2005. This appeal is from an interlocutory order that completely and conclusively resolves the issue of whether Counsel to the Defendant may withdraw from the case.

## Statement Of The Issues

1.  Whether the Bankruptcy Court erred in denying the Motion to Withdraw as Counsel, where it is undisputed that the Motion is based on irreconcilable differences between counsel and client, originating in the parties' financial relationship?

2.  Whether the Bankruptcy Court erred in ruling that the Motion to Withdraw is untimely, where no depositions have yet been taken, no motions are pending, and no trial date has been set, and where the time sought to transition to new counsel totals just slightly more than 45 days?

## Applicable Standard Of Appellate Review

On appeal to the District Court, rulings of law by the Bankruptcy Court are reviewed *de novo*, while findings of fact are accepted unless clearly erroneous. Fed. R. Bankr. P. 8013; *see also Intrex, Inc. v. Comm'r*, 321 F.3d 55, 58 (1st Cir. 2003); *Brandt v. Repco Printers & Lithographics (In re Healthco Int'l)*, 132 F.3d 104, 107 (1st Cir. 1997). A Bankruptcy Court's findings of fact should be disturbed if, based on all the evidence, the District Court is "left with

1

the definite and firm conviction that a mistake has been committed." *RCI Northeast Serv. Div. v. Boston Edison Co.*, 822 F.2d 199, 203 (1st Cir. 1987), quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Here, the facts are largely undisputed, and the *de novo* standard of review therefore governs.

## Statement Of The Case

Holland & Knight appeals from the Bankruptcy Courts' denial of its Motion to Withdraw as Counsel for Randall Fincke (the "Motion to Withdraw"). Holland & Knight had been retained by the Defendant, under a written agreement, entered in January 2004, to serve as counsel to the Defendant in an ongoing dispute involving Access Cardiosystems, Inc. ("Access" or the "Debtor") and its group of investors, James Radley, John Moriarty, Richard Connolly, and Joseph Zimmel (the "Investors").[1] This dispute centers around claimed contractual and fiduciary obligations among the parties, and the ownership of defibrillator technology that is the subject of United States Patent Application No. 10/232,645 entitled "Automated External Defibrillator (AED) System" (the "'645 Application").[2] Efforts to resolve the controversy were unsuccessful. In July of 2004, Access and the Investors filed suit against Fincke in Massachusetts Superior Court, claiming that Fincke breached duties owed to them, and seeking a declaration that Access is the proper owner of the '645 Application and related intellectual property. *Access Cardiosystems, Inc. et al. v. Randall Fincke*, Mass. Sup. Ct. No. 04-2976-BLS2 (July 6, 2004) (the "State Court Action"). On or about August 16, 2004, Fincke filed an answer and counterclaim, claiming that Access and the Investors breached certain duties and obligations

---

[1] Motion to Withdraw, Record Appendix ("RA") Document 1 at 2, ¶4. With the exception of a disagreement during the Hearing over the extent of deposition discovery Access and the Investors intended to take, the facts set forth in the Motion to Withdraw are largely undisputed.

[2] *See* Pretrial Stipulation, RA Document 8.

2

owed to him, and seeking a declaration that he is the proper owner of the '645 Application and related intellectual property.

While in the early stages of discovery in the State Court Action, on February 18, 2005, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On March 25, 2005, Fincke filed a Notice of Removal, removing the State Court Action to the Bankruptcy Court.[3]

On May 25, 2005, the parties filed a Pretrial Stipulation, and later followed this Stipulation with a Revised Proposed Discovery Plan on June 9, 2005.[4] Less than five weeks later, on July 13, 2005, Counsel for the Defendant filed the Motion to Withdraw that forms the basis for this Appeal.[5] As of July 13, 2005, no other motions were pending in the case, no trial date had been set, and deposition discovery had not yet commenced.[6]

On July 20, 2005, the Bankruptcy Court held a hearing on the Motion to Withdraw and the Motion for Protective Order.[7] At the conclusion of the hearing, the Bankruptcy Court denied the Motion to Withdraw and the Motion for Protective Order.[8] The Bankruptcy Court further ordered Counsel to continue representing the Defendant until the Defendant is able to locate successor counsel.[9] On August 1, 2005, the Defendant filed a timely Notice of Appeal of the

---

[3] Motion to Withdraw, RA Document 1 at 2-3, ¶¶6-9.

[4] Pretrial Stipulation, RA Document 8; Revised Proposed Discovery Plan, RA Document 9.

[5] Motion to Withdraw, RA Document 1.

[6] *See* Revised Proposed Discovery Plan, RA Document 9; Motion to Withdraw, RA Document 1 at 4, ¶¶13, 17.

[7] *See* Transcript of Hearing, RA Document 6.

[8] *See* Order Denying Motion to Withdraw, RA Document 11, and Order Denying Motion for a Protective Order, RA Document 12.

[9] *See* RA Document 11.

Bankruptcy Court Order.[10] The present appeal before the Court concerns whether the Bankruptcy Court erred in denying the Motion to Withdraw.

## Statement Of Facts

In July of 2000, Fincke founded Access to exploit defibrillator technology that he had developed. This technology is presently the subject of the '645 Application. Fincke initially owned 85% of Access and ran the company. Beginning in 2001, Fincke secured outside capital investments from the Investors. Over time, the Investors took an equity stake in the company, joined its Board of Directors, and eventually gained control of Access. In the fall of 2003, the Investors and Fincke became involved in a dispute and, in November 2003, the Investors removed Fincke as Chief Executive Officer and President of Access, and claimed to be entitled to repurchase his stock, valued approximately two months earlier by a venture capital firm at $11 million, for $1.[11]

Counsel began representing Fincke, under a written engagement letter, in January, 2004.[12] After the March 2005 removal of the case to the Bankruptcy Court, the relationship between Counsel and Fincke deteriorated.[13] Fincke and Counsel have had numerous communications seeking to resolve these differences.

During the discovery process, the relationship between Counsel and Fincke further deteriorated. Fincke and Counsel had numerous communications seeking to resolve these differences. In June of 2005, Counsel notified Fincke of Counsel's intent to withdraw if the

---

[10] Notice of Appeal, RA Document 10.

[11] Motion to Withdraw, RA Document 1 at 2, ¶3.

[12] Motion to Withdraw, RA Document 1 at 2, ¶4.

[13] Motion to Withdraw, RA Document 1 at 3, ¶10

4

differences could not be resolved.[14] Fincke and Counsel could not reach a resolution and the Motion to Withdraw was filed on July 13, 2005.[15] Counsel also filed a Motion to Extend Discovery Deadlines, as well as a Motion for Protective Order, seeking to suspend discovery until such time as Fincke had retained successor counsel.[16]

As grounds for filing the Motion to Withdraw, Counsel cited irreconcilable differences between Counsel and Fincke.[17] Because no successor counsel had appeared in the case, Counsel sought to withdraw with leave of the Court, pursuant to Local Bankruptcy Rule 2091-1(a). Due to confidentiality and privilege issues, Counsel did not believe it was appropriate to disclose the full nature of the controversy to Access or the Investors. At the hearing on July 20, 2005, Counsel stated:

> We move to withdraw, Your Honor, because of irreconcilable differences that have arisen between Mr. Fincke and ourselves. Your Honor, these differences are addressed in our motion. We are prepared to provide the Court with additional details, and Mr. Fincke is present on the call and available for the Court to ask questions of if the Court desires. However, Your Honor, if the Court does have specific questions in this regard, I would ask that the discussion take place at sidebar, as it were, because I don't believe that the plaintiffs or other parties have any need to know specifics of the relationship between Holland & Knight and Mr. Fincke.[18]

The above statement from Counsel prompted the following exchange:

> **The Court**: "... one of the questions, and I don't think that this is a particularly intrusive question, but do the irreconcilable differences have to do with the financial arrangements between Holland & Knight and Mr. Fincke?

---

[14] Motion to Withdraw, RA Document 1 at 3, ¶10, at 4, ¶16

[15] Motion to Withdraw, RA Document 1.

[16] Motion for Protective Order, RA Document 2; Motion to Extend Discovery Deadlines, RA Document 5.

[17] Motion to Withdraw, RA Document 1 at 1; at 4-5, ¶¶16-18.

[18] Transcript, RA Document 6, at 4:21-5:03.

>**Counsel:** They do in part, Your Honor. That's correct. That is not the entire range, but that is correct.
>
>**The Court:** Okay. Did they start that way?
>
>**Counsel:** Yes, that's fair to say."[19]

During the Hearing, in response to questions posed by the Court, Fincke confirmed (a) that the irreconcilable differences involved in part his financial relationship with Holland & Knight; (b) that these differences had their genesis in the financial relationship with Holland & Knight; and (c) that he was interviewing successor counsel, who would be prepared to assume control of the case by September 15.[20]

In addressing the delay that would be caused by Counsel's withdrawal, Counsel noted that Fincke had been advised that "successor counsel would need approximately 30 days to get up to speed in the case, and that would take it out to September 15th."[21] Based on the Revised Proposed Discovery Schedule submitted to the Bankruptcy Court on June 9, 2005, the delay caused by Counsel's withdrawal would be little more than 45 days.[22]

At the conclusion of the hearing, the Bankruptcy Court denied the Motion to Withdraw, stating that:

>It is too late in the game in a case that was well advertised as having time sensitivity problems to allow counsel to withdraw primarily for financial reasons, even though financial reasons occasionally begin to drift into other reasons. Mr. Fincke is free to locate new counsel, and Holland & Knight is free to withdraw, but only when that counsel, when that new counsel is in place ...[23]

---

[19] Transcript, RA Document 6, at 5:23-6:06.

[20] Transcript, RA Document 6, at 5:20 - 6:24.

[21] Transcript, RA Document 6, at 6:19 -6:20.

[22] Revised Proposed Discovery Plan, RA Document 9.

[23] Transcript, RA Document 6, at 22:5 – 22:11.

This appeal followed.

### Argument

I.   **The Order Is Immediately Appealable**

The appeal is properly before this Court. First, it is black-letter law that interlocutory jurisdiction exists over an appeal from the denial of a motion to withdraw. *Rivera-Domenech v. Calvesbert Law* Offices, PSC, 402 F.3d 246, 249 (1st Cir. 2005) ("We make a point clear at the start. At the time of the entry of the denial of the motion to withdraw, there was interlocutory jurisdiction to take an appeal to this court").

Second, even if such interlocutory jurisdiction did not exist, this Court has discretionary authority to grant leave to appeal from the Bankruptcy Court's interlocutory order denying to the Motion to Withdraw under the collateral order doctrine. *Watson v. Boyajian (In re Watson)*, 309 B.R. 652, 659 (1st Cir. BAP 2004); *See also Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 156 n.1 (1st Cir. 2004)(collateral order doctrine is an exception to the finality rule); *In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation*, 982 F.2d 603, 608-09 (1st Cir. 1992)(cases cited). In the First Circuit, a ruling is immediately appealable under the collateral order doctrine, where the order:

(i)   concerns a collateral issue so conceptually distinct from other issues being litigated in the underlying action that an immediate appeal would neither disrupt the main action, nor threaten to deprive the appellate court of useful context which might be derived from subsequent developments in the litigation;

(ii)   completely and conclusively resolves the collateral issue;

(iii)   infringes rights which appellant could not effectively vindicate in an appeal after final judgment in the case; and

(iv)   involves an important or unsettled legal issue, rather than merely challenge discretionary trial court rulings.

*Gill v. Gulfstream Park Racing Assoc.*, 399 F.3d 391, 398 (1st Cir. 2005); *United States v.*

*Quintana-Aguayo,* 235 F.3d 682, 684 (1st Cir. 2000) (quoting *United States v. Kouri-Perez,* 187 F.3d 1, 5 (1st Cir. 1999)).

Appellate jurisdiction in this case lies under the collateral order doctrine. First, the issues underlying the Motion to Withdraw are distinct from the factual and legal issues involved in the underlying litigation. Second, because discovery is continuing to go forward, immediate appeal of this matter will not disrupt the litigation. Third, the Order completely resolves the issue of whether Counsel may immediately withdraw from this case. Fourth, the Order derogates from rights which Counsel cannot effectively vindicate in an appeal after final judgment in the litigation. Finally, Counsel asserts that the Bankruptcy Court committed error in denying the Motion to Withdraw. In sum, appellate jurisdiction exists.

## II.   The Bankruptcy Court Erred in Denying the Motion to Withdraw

Where a client owes counsel fees, the client has been given notice that failure to bring the account current will lead to counsel's withdrawal from the case, and counsel has no reasonable prospect of being paid, a Court abuses its discretion in denying a motion to withdraw. *See Rivera-Domenech,* 402 F.3d at 249, citing *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.,* 310 F.3d 537, 539 (7th Cir. 2002), *Lieberman v. Polytop Corp.,* 2 Fed.Appx. 37, 39-40 (1st Cir. 2001)(unpublished opinion). As the First Circuit Court of Appeals has stated, in reasoning directly applicable to the present case:

> It simply expects too much of counsel to expend the additional energy
> necessary to go to trial, and to front the necessary expenses, without any real
> assurance that he will be paid for any of it, *especially where he already is
> owed a substantial sum and the client has violated the written fee agreement.*
> Further, if counsel does not expend the necessary effort and does not front the
> trial expenses, he very well could expose himself to civil liability to his client.
> We refuse to place counsel in such a position.

*Rivera-Domenech,* 402 F.3d at 249, quoting *Lieberman,* 2 Fed. Appx. 39-40. (emphasis added).

8

It is undisputed that irreconcilable differences arose between Counsel and Fincke, and that these differences arose from the parties' financial relationship.[24]   Prior to the filing of the Motion to Withdraw, Fincke was given notice that the failure to resolve the differences would lead to Counsel's seeking to withdraw from the case.[25]   Accordingly, under *Rivera-Domenech*, the Bankruptcy Court erred in denying the Motion to Withdraw.

### III.   The Motion To Withdraw Was Timely

Where successor counsel files a notice of appearance simultaneously, Local Bankruptcy Rule 2091-1(a) establishes as a matter of law that a motion to withdraw is timely, provided no other motions are pending, and no trial date has been set.  Here, although no successor counsel filed a simultaneous notice of appearance, at the point the Motion to Withdraw was filed, no other motions were pending in the case, no trial date had been set, and deposition discovery had not yet commenced.[26]  Moreover, a suspension of discovery of just over 45 days was requested in order to transition the case to successor counsel.[27]  Under these circumstances -- and in light of *Rivera-Domenech* -- the Bankruptcy Court's conclusion that the Motion was untimely constitutes an abuse of discretion.

---

[24] Transcript, RA Document 6 at 5:20 – 6:24.

[25] Motion to Withdraw, RA Document 1 at 3, ¶10; at 4, ¶16

[26] *See* Revised Proposed Discovery Plan, RA Document 9; Motion to Withdraw, RA Document 1 at 4, ¶¶13, 17.

[27] Transcript, RA Document 6, at 6:19 -6:20; Revised Proposed Discovery Plan, RA Document 9.

## Conclusion

For the reasons set forth above, the order of the Bankruptcy Court denying the Motion to Withdraw should be reversed.

> Respectfully submitted,
>
> HOLLAND & KNIGHT LLP
>
> /s/ Ieuan G. Mahony
> Ieuan G. Mahony (BBO # 552349)
> David G. Sobol (BBO # 647057)
> 10 St. James Avenue
> Boston, MA 02116
> (617)523-2700

Dated:  August 24, 2005

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32 (a)(7)

In compliance with F.R.A.P. 32(a)(7), I, Ieuan G. Mahony, hereby certify that based upon the word and line count of the word processing system used to prepare this brief, Microsoft Word, the foregoing brief contains 2,750 words.

/s/ Ieuan G. Mahony
Ieuan G. Mahony

## CERTIFICATE OF SERVICE

I, Ieuan G. Mahony, Esq., on behalf of the Appellant, Holland & Knight, do hereby certify that I served a copy of the foregoing Brief on the following parties by first-class mail, postage prepaid and/or electronic mail, on August 24, 2005:

>Barry C. Klickstein, Esq.
>Duane Morris LLP
>470 Atlantic Avenue, Suite 500
>Boston, MA  02210
>
>Jerry E. Benezra, Esq.
>20 West Emerson Street
>Melrose, MA  02176
>
>Harold B. Murphy, Esq.
>Hanify & King, P.C.
>One Beacon Street
>Boston, MA  02110

>/s/ Ieuan G. Mahony
>Ieuan G. Mahony

# 3135304_v2

Case 4:05-cv-40125-NG     Document 10     Filed 02/07/2006     Page 17 of 17